UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>MAURICE BRYANT,<br>WILMER HARDEN,<br>TYRONE ANDERSON,<br>YOVANNY ONTIVEROS,<br>CHARLES CARTER,<br>BOBBY CONNER,<br>JEROME ADAMS,<br>DWIGHT HANEY,<br>ARLINGTON CAINE,<br>MARK MARTIN,<br>ALEX WHITE,<br>STEVEN HAMPTON,<br>ANDRE HELLAMS,<br>JASON TOLBERT, AND<br>MICHAEL HAMPTON,<br><br>    Defendants. | CASE NO.: 2:21-cr-00104-TLN<br><br>**ORDER APPOINTING COORDINATING DISCOVERY ATTORNEY** |

1

Upon the Motion for an Order Appointing a Coordinating Discovery Attorney, it is hereby ORDERED that John C. Ellis, Jr. is appointed as Coordinating Discovery Attorney for court-appointed defense counsel.

The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all the defendants. His responsibilities will include:

- Managing and distributing discovery produced by the Government and relevant third-party information common to all defendants;
- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;
- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;
- Identifying, evaluating, and engaging third-party vendors and other litigation support services;
- Assessing the needs of individual parties and identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;
- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and
- Providing training and support services to the defense teams as a group and individually.

Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney. The Coordinating Discovery Attorney's duties do not include providing additional representation services, and he therefore will not be establishing an attorney-client relationship with any of the defendants.

The Government shall provide previously provided and future discovery productions to

the Coordinating Discovery Attorney unless otherwise agreed.  To avoid delay in providing discovery to defense counsel, any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel.  The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services including confirming the work was as previously agreed.  However, his time and the time spent by his staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office.  All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

The Coordinating Discovery Attorney shall provide this Court with periodic *ex parte* status reports depicting the status of work and if any third-party services are used, whether those services remain within the budget authorized by the Court.

IT IS SO ORDERED.

DATED:  July 30, 2021

_____
Troy L. Nunley
United States District Judge